15-2453-cv
*Moultrie v. Carver Foundation*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
*Circuit Judges,*
RICHARD M. BERMAN,
*District Judge.**

---

PAMELA MOULTRIE,

*Plaintiff-Appellant,*                             No. 15-2453-cv

v.

CARVER FOUNDATION,

*Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**                 Pamela Moultrie, *pro se*, Norwalk, Connecticut.

---

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:** Jill Perno Hallihan, Farrell, Musco and Iassogna, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 30, 2015 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Pamela Moultrie ("Moultrie"), proceeding *pro se*, appeals from a judgment of the District Court dismissing her complaint with prejudice. Moultrie filed suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*, alleging that defendant-appellee Carver Foundation had terminated her employment as a bus driver on the basis of her race as an African-American. The District Court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The District Court concluded that "Moultrie did not plead that any specific actions or events took place prior to her termination that would give rise to an inference of unlawful race discrimination, nor has she pleaded facts giving rise to an inference that she was treated differently than other similarly-situated, non-African-American employees." *Moultrie v. Carver Found.*, No. 3:13-cv-1443 (SRU), 2015 WL 4478249, at *4 (D. Conn. July 22, 2015). This appeal followed.

On appeal, Moultrie principally contends that the District Court erred in dismissing her complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we conclude that Moultrie's argument lacks merit.

We "review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint filed by a *pro se* plaintiff "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (alteration and internal quotation marks omitted). To survive dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, "do not suffice." *Id.* At the motion-to-dismiss stage, a plaintiff bringing a Title VII claim "need only give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (internal quotation marks omitted).

Based upon our independent review of the record, we agree with the District Court that Moultrie has failed to allege sufficient facts to support an inference that her employment was terminated on the basis of her race. Moultrie alleged that she had "been treated different[ly] than all other employees that work at the Carver [F]oundation concerning their record," No. 13-cv-01143-SRU, ECF No. 18, and she identified two white females and one white male in response to the District Court's inquiry as to whether she knew of any similarly situated, non-black employees who were treated differently than she was. Moultrie failed to provide any factual allegations, however, as to how these employees were similarly situated or how she experienced disparate treatment. In fact, Moultrie alleged that two of the three employees she identified were employed in different positions than hers. *See Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." (internal quotation marks omitted)). Due to the absence of any specific allegations in Moultrie's complaint giving rise to an inference of discriminatory discharge, the complaint must be dismissed for failure to state a claim upon which relief can be granted. *See Vega*, 801 F.3d at 84. In the circumstances presented here, we also uphold the District Court's decision to dismiss the complaint *with prejudice*, in light of the repeated opportunities the District Court provided Moultrie to cure the deficiencies in her pleading.

## CONCLUSION

We have considered all of the plaintiff-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the July 30, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3